**LAW OFFICES OF W. AUSTIN ALLEN, II**
BY:  W. Austin Allen, II, Esquire
Pa. Attorney I.D. No. 52889
755 York Road,   Suite 204
Warminster,   PA 18974
(215) 441-5100
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREYA B. KOSS | : |
| Plaintiff | : CIVIL ACTION |
| | : NO. |
| vs. | : |
| TRANSPORTATION SECURITY ADMINISTRATION | : |
| and | : |
| JOHN DOE | : |
| and | : |
| THE UNITED STATES | : |
| Defendants | : |

**COMPLAINT**

**Introduction**

1.  This is an action for money damages brought pursuant to the Federal Tort Claims Act,  ("FTCA")  28 U.S.C. Section 1346(b),  2671-2680, *et seq*.,  for personal injuries suffered by the Plaintiff which were caused by the negligent acts of an employee of the Transportation Security Administration ("TSA") acting within the course and

scope of his employment by the TSA.

## Parties

2. Plaintiff Freya B. Koss is an adult individual and citizen of the United States who resides at 519 Sussex Road, Wynnewood, Pennsylvania 19096.

3. Defendant TSA is a federal agency of the United States of America, with an office and principal place of business at 601 South 12th Street - TSA 9, Arlington, VA 29598.

4. Defendant John Doe is an adult individual who was at all relevant times an employee of the TSA and whose actual name and address are presently unknown but will be ascertained in the course of discovery.

5. Defendant United States is expected to certify that Defendant John Doe was acting within the scope of his employment by the TSA at the time of the incident out of which this claim arises. Upon such certification, this action shall be deemed to be an action against the United States and the United States will be substituted as the party Defendant pursuant to the provisions of 28 U.S.C. Section 2679(d)(1)

6. This claim arises under the FTCA for money damages as compensation for personal injuries suffered by the Plaintiff which were caused by the negligent acts of an employee of the TSA acting within the course and scope of his employment by the TSA, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the tort law of the Commonwealth of Pennsylvania. Jurisdiction is invoked under the provisions of 28 U.S.C. Section 1331, 1346 and 1367(a).

7. This Honorable Court possesses venue pursuant to 28 U.S.C. Section 1391(b) in that the incident upon which this claim is based occurred at the Philadelphia International Airport, which is within this judicial district, the Eastern District of Pennsylvania.

8. This claim has been timely filed and presented, as Plaintiff first presented

and filed a Standard Form 95 Tort Claim Package with the TSA, which was deemed presented to the TSA on October 24, 2012 and assigned Claim No. 2012111598718.

9. All administrative prerequisites to the filing of this action in the United States District Court for the Eastern District of Pennsylvania have been met, as the TSA has failed to make a final disposition of the claim within six months after its filing, and more than six months has now passed since the date the claim was presented to the TSA.

10. At all relevant times, Defendant's employee, John Doe, was acting within the course and scope of his employment by Defendant, and was not performing any discretionary function involving any type of policy decision.

11. Defendant TSA is vicariously liable for the acts of its employee pursuant to the doctrines of *respondeat superior*, vicariously liability and master/servant law.

## Facts

12. On March 31, 2012, at about 4:20 p.m., Plaintiff was at the Philadelphia International Airport in order to board US Air Flight No. 969 to San Francisco, California.

13. Plaintiff had just gone through the security scanning process at the TSA checkpoint at Gate C2 and was retrieving her shoes, sweater and handbag from a tray on the conveyor belt. Suddenly and without warning, and without looking behind him or maintaining a proper lookout or paying attention to his surroundings, a male TSA agent, Defendant John Doe, backed up into Plaintiff and knocked her to the ground, causing her to smack her left hip on the ground and to suffer serious personal injuries as are described in more detail below.

14. Defendant John Doe was negligent in failing to watch where he was going, failing to maintain a proper lookout, and failing to pay attention to his surroundings, resulting in his knocking the Plaintiff to the ground.

15. As a direct and proximate result of the negligence of the Defendants as set forth herein, Plaintiff was caused to suffer serious and potentially permanent injuries,

including but not limited to, injuries to her left hip, including aggravation of a subchondral fracture in the femoral head with increased edema within the acetabulum and cartilage loss, aggravation of severe osteoarthritis, bruises and contusions; low back injuries, including aggravation of degenerative disc disease, spondylolisthesis and foraminal stenosis; left knee injuries, including a partial tear of the anterior cruciate ligament; injuries to her right knee, including a sprain of the medial collateral ligament, significant traumatic bone contusion/microtrabecular compression in the patella with a subacute patellar fracture, partial tear of the lateral patellar retinaculum; pain, suffering, and emotional and psychological injuries, humiliation and embarrassment, anxiety, inconvenience and loss of life's pleasures and the enjoyment of life.

16. As a direct and proximate result of the negligence of the Defendants, Plaintiff has required and may continue to require medical care and treatment for her injuries, and has incurred medical bills and may continue to incur such bills for the treatment of her injuries, all to her great detriment and loss.

17. Since the claim was presented to the federal agency, the TSA, the amount of Plaintiff's claim has increased, due to the fact that she may now need hip replacement surgery.

18. Plaintiff is entitled to recover compensatory damages from Defendants, including future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

**WHEREFORE,** Plaintiff Freya B. Koss demands judgment in her favor and against Defendant Transportation Security Administration, John Doe, and the United States in an amount not in excess of $150,000.00, exclusive of interest and costs, for Arbitration purposes, plus such other relief as the Court may allow.

**LAW OFFICES OF W. AUSTIN ALLEN, II**

         BY:_____
            W. Austin Allen, II


DATED: _____